**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JENNIFER LYNN
RAULERSON KNUCKLES,

      Plaintiff,

v.                                        Case No.   3:19-cv-462-J-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

## **OPINION AND ORDER**[1]

### **I. Status**

Jennifer Lynn Raulerson Knuckles ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of chronic lower-back pain, an injury to her left hip, left foot drop, "nerve damage left side," hepatitis C, and schizoaffective bipolar disorder. See Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed July 12, 2019, at 90, 106, 215 (emphasis omitted). Plaintiff filed an application for SSI on October 30, 2017,[2] alleging a disability onset date of March 21, 2007. Tr. at 196. The application was denied

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed July 12, 2019; Reference Order (Doc. No. 14), entered July 15, 2019.

[2] Although actually completed on October 30, 2017, see Tr. at 196, the protective filing date of the application is listed elsewhere in the administrative transcript as October 10, 2017, see, e.g., Tr. at 90.

initially, Tr. at 89-103, 104, 129, 130-32, and upon reconsideration, Tr. at 105-23, 124, 134, 135-40.

On December 4, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 30-46, 51-67 (duplicate). At some point prior to the hearing, the alleged disability onset date was amended to October 10, 2017 (the date the SSI application was filed). See Tr. at 33, 54 (duplicate). Plaintiff was forty-five years old at the time of the hearing. See Tr. at 33, 54 (duplicate). The ALJ issued a Decision on December 14, 2018, finding Plaintiff not disabled since the alleged disability onset date. See Tr. at 15-25.[3]

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 280. The Appeals Council received additional evidence in the form of a brief authored by Plaintiff's counsel. Tr. at 4, 5; see Tr. at 280-81 (brief). On February 28, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On April 22, 2019, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

---

[3] The administrative transcript contains another decision, dated June 28, 2016, concerning a prior application for SSI from 2013. See Tr. at 72-84. In that decision, Plaintiff was found to not be disabled through the date of the decision. See Tr. at 84.

On appeal, Plaintiff makes the following argument: "The ALJ erred when she found [the opinions of James Levasseur, Ph.D. and Linette Castillo, Psy.D.[4]] supported by the record, but failed to include all the limitations therein in her [residual functional capacity ('RFC')] finding, or explain why they were excluded." Plaintiff's Memorandum of Law – Social Security (Doc. No. 17; "Pl.'s Mem."), filed September 11, 2019, at 1, 3 (emphasis omitted). Specifically, Plaintiff argues that the ALJ failed to include in the RFC the doctors' opinion that Plaintiff would have "occasional disruption [of sustained concentration and persistence capacities] despite intact presentation." Pl.'s Mem. at 6 (alteration in original) (quoting doctors' opinions, see Tr. at 100, 120). On November 5, 2019, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations;

---

[4] Dr. Levasseur and Dr. Castillo are state agency medical consultants. Dr. Levasseur conducted a review of Plaintiff's application at the initial level, see Tr. at 93-101, and Dr. Castillo reviewed Plaintiff's application at the reconsideration level, see Tr. at 113-21.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-25. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 10, 2017, the application date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: schizoaffective disorders, and affective disorder, disorders of the spine, and disorders of the hips." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except with no climbing or exposure to concentrated vibrations or hazards; only simple routine tasks that require no exposure to the public and only occasional collaboration with co-workers and supervisors in an environment with only occasional changes and no independent goal setting. [Plaintiff] requires the ability to change between a seated and standing position at the workstation hourly, performing her job duties from either position (position neutral job duties).

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 23 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("43 years old . . . on the date the application was filed"),

education ("at least a high school education"), lack of work experience, and RFC, Tr. at 23, the ALJ relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "[d]ocument [p]reparer," "[a]ddresser," and "[t]ube [o]perator," Tr. at 24 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . since October 10, 2017, the date the application was filed." Tr. at 25 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the

evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The undersigned initially summarizes the parties' arguments. Then, the applicable law is set out and the issue raised by Plaintiff is addressed.

### A. Parties' Arguments

As noted above, Plaintiff contends that "[d]espite seemingly accepting the opinions of Drs. Levasseur and Castillo, the ALJ did not address their assessed limitation that Plaintiff would have 'occasional disruption [of sustained concentration and persistence capacities] despite intact presentation.'" Pl.'s Mem. at 6 (alteration in original) (citations omitted). According to Plaintiff, the ALJ's error in this regard "is not harmless, as the [VE] testified that an individual whose concentration, persistence o[r] pace is disrupted 'occasionally' (defined as up to 1/3 of the workday) would be unable to maintain competitive employment." Id. (citation omitted). Plaintiff argues that "[b]oth the underlying record and Plaintiff's testimony support Drs. Levasseur and Castillo's [opinions]." Id. at 10; see id. at 6-10.

Responding, Defendant contends that "Plaintiff is entitled to no relief because [Dr. Levasseur's and Dr. Castillo's opinions] are consistent with the ALJ's RFC finding." Def.'s Mem. at 10. According to Defendant, "both doctors ultimately opined that Plaintiff could maintain 'adequate persistence, pace and reliability' despite occasional disruption in sustained concentration." Id. (citations omitted). Defendant further argues that "Plaintiff has failed to identify any error (harmful or otherwise), as it is clear from Drs. Levasseur's

and Castillo's [opinions] that Plaintiff retained adequate concentration and persistence capacities to work." Id. at 11.

**B. Applicable Law**

    **1. RFC**

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.945(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

In Winschel v. Comm'r of Soc. Sec., the Court of Appeals for the Eleventh Circuit found error in an ALJ's decision because the ALJ determined the claimant had "a moderate limitation in maintaining concentration, persistence, and pace" but "did not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical [to the VE]." 631 F.3d 1176, 1179 (11th Cir. 2011). According to the Eleventh Circuit, "the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]." Id. Nevertheless, the Eleventh Circuit suggested that in other appropriate circumstances, an ALJ may properly find that the medical evidence of record supports only an RFC limitation

of unskilled work despite moderate limitations in concentration, persistence, or pace. See id. (citations omitted) (collecting cases finding that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations").

Post-Winschel, the Eleventh Circuit (albeit in unpublished opinions) has recognized that a moderate limitation in concentration, persistence and pace can be sufficiently accounted for by posing a hypothetical to a VE that limits an individual to simple, unskilled work (or something similar) when the medical evidence demonstrates an ability to perform such work. See, e.g., Mijenes v. Comm'r of Soc. Sec., 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace" (citation omitted)); Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 907-08 (11th Cir. 2013) (approving of a limitation to "simple, one-two step task[s with] only occasional contact with the public, coworkers, and supervisors" as accounting for moderate limitation in concentration, persistence and pace in light of opinions of two non-examining psychologists' opinions supporting the finding); Jacobs v. Comm'r of Soc. Sec., 520 F. App'x 948, 951 (11th Cir. 2013) (finding a limitation "to one to three step non-complex tasks" sufficiently accounted for moderate limitation in concentration, persistence, and pace); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013) (finding a limitation "to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional

changes in the work setting, judgment, or decision making" was sufficient to account for moderate limitation in maintaining concentration, persistence, and pace); Scott v. Comm'r of Soc. Sec., 495 F. App'x 27, 29 (11th Cir. 2012) (distinguishing Winschel and finding that "the medical evidence demonstrated that [the claimant] could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, and pace"); Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (finding that the limitations of simple tasks and only being able to concentrate for brief periods of time accounted for the claimant's moderate difficulties in concentration, persistence, and pace); see also, e.g., Davis v. Comm'r of Soc. Sec., 11 F. Supp. 3d 1154, 1159 (M.D. Fla. 2014) (recognizing Winschel's approval of limiting a hypothetical to unskilled work—despite moderate limitations in concentration, persistence, and pace—when the medical evidence supports it); Dawson v. Comm'r of Soc. Sec., No. 6:11-cv-1128-Orl-28, 2012 WL 1624267 (M.D. Fla. May 9, 2012) (unpublished) (collecting cases which recognize that the inclusion of limitations such as work involving simple tasks and/or simple instructions properly accounts for moderate limitations in concentration, persistence, and pace), aff'd, 528 F. App'x 975 (11th Cir. 2013).

**2. Medical Opinions**

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,844 (Jan. 18, 2017). Because Plaintiff filed her claim after that date, the undersigned applies the revised rules and Regulations in effect at the time of the ALJ's Decision.

Under the new rules and Regulations, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a).[6] The following factors are relevant in determining the weight to be given to a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. Id. However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 416.920c(b)(3).

When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. § 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical

---

[6] "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 416.913(a)(2); see also 20 C.F.R. § 416.902 (defining "[a]cceptable medical sources").

opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." Id.

**C. Analysis**

Dr. Levasseur and Dr. Castillo opined Plaintiff is "[m]oderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically[-]based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Tr. at 100, 120 (emphasis omitted). In explaining Plaintiff's "sustained concentration and persistence capacities and/or limitations," the doctors stated that Plaintiff would experience "[o]ccasional disruption despite intact presentation." Tr. at 100, 120 (emphasis omitted). The doctors ultimately opined that Plaintiff is nonetheless "able to produce concentrated effort needed to complete tasks with adequate persistence, pace and reliabi[li]ty despite some occasional disruption [in sustained concentration and persistence]." Tr. at 101, 121 (capitalization omitted).

The ALJ observed that Dr. Levasseur and Dr. Castillo opined Plaintiff can perform light work and "has mild restrictions in understanding, remembering or applying information and social functioning and moderate restriction in concentrating, persisting and maintaining pace and adapting and managing oneself." Tr. at 23 (citation omitted).[7] The ALJ gave "limited weight" to the opinions of Dr. Levasseur and Dr. Castillo. Tr. at 23. Specifically, the ALJ agreed that Plaintiff has moderate limitations in concentrating, persisting, maintaining pace, adapting, and managing oneself. Tr. at 23. The ALJ, however, imposed greater restrictions than those opined by Dr. Levasseur and Dr. Castillo

---

[7] The ALJ did not refer to Dr. Levasseur and Dr. Castillo by name; rather, he referred to them as the "state agency medical consultants who reviewed the record." Tr. at 23. The undersigned believes the ALJ is referring to Dr. Levasseur and Dr. Castillo as they are the state agency consultants who reviewed Plaintiff's application, and their opinions are consistent with the ALJ's summary of the consultants' opinions.

by limiting Plaintiff to sedentary work with additional limitations, Tr. at 19, and by finding that Plaintiff has moderate restrictions in social functioning, Tr. at 23.

According to the VE, if an individual's concentration, persistence, or pace are disrupted "on an occasional basis or for up to one-third of the day . . . such that [he or she] can't perform the job for that period of time," Tr. at 45, that individual would be off task longer than the "industry standard for off task" (which is between ten to fifteen percent of the workday) because he or she would be off task one third of the workday, Tr. at 43.

Plaintiff essentially equates occasional disruptions in sustained concentration and persistence (Dr. Levasseur's and Dr. Castillo's opinions) with being off task for a third of the workday (VE testimony). The undersigned disagrees. There is no indication in the doctors' assessment that the term "occasional," as used in their opinions, is equivalent to one third of the workday. As noted above, Dr. Levasseur and Dr. Castillo opined that despite the occasional disruptions in sustained concentration and persistence, Plaintiff would be "able to produce concentrated effort needed to complete tasks with adequate persistence, pace and reliabi[li]ty . . . ." Tr. at 101, 121 (capitalization omitted). Dr. Levasseur and Dr. Castillo also opined that Plaintiff has no more than moderate limitations in her "ability to complete a normal workday and workweek without interruptions . . . and to perform at a consistent pace without an unreasonable number and length of rest periods." Tr. at 100, 120 (emphasis omitted). Upon review of the doctors' respective assessments, it is clear that their ultimate opinion is that Plaintiff has only moderate limitations in concentration, persistence, and pace—an opinion that the ALJ properly accounted for by incorporating in the RFC the limitation of simple, routine tasks and finding

that Plaintiff can perform unskilled work.[8] See, e.g., Scott, 495 F. App'x at 29. (In any event, even if Dr. Levasseur and Dr. Castillo had opined that Plaintiff will have to be off task for one third of the workday—which according to the VE would preclude employment—their opinions are not entitled to any specific evidentiary weight, and the ALJ was free to reject them. See 20 C.F.R. § 416.920c(a).)

Moreover, substantial evidence supports the ALJ's conclusions that Plaintiff has only moderate limitations in concentration, persistence, and pace and that Plaintiff can perform simple, routine tasks despite such limitations. As noted by the ALJ, "[d]uring an October 2017 initial psychological evaluation, [Plaintiff] reported audio and visual hallucinations," but there is no indication that Plaintiff was observed responding to internal stimuli. Tr. at 23; see Tr. at 307-11 (October 2017 initial evaluation note). The ALJ accurately observed that "[d]uring a March 2018 consultative examination, [Plaintiff] was alert and oriented and was able to give a good history with no evidence of psychosis." Tr. at 23 (citation omitted); see Tr. at 339-40 (March 2018 examination note). The ALJ stated that a May 2018 progress note shows Plaintiff's "eye contact was appropriate[;] . . . she was cooperative"; her "thought process was within normal limits, logical and goal directed"; "[h]er thought content was within normal limits"; her "memory was grossly intact"; and her "intelligence was gauged as average or above." Tr. at 23 (citation omitted); see Tr. at 506-08 (May 2018 progress note). The ALJ acknowledged that in September 2018, Plaintiff "was Baker Acted secondary to intoxication and displayed psychotic ideation." Tr. at 23

---

[8] In finding there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, the ALJ identified jobs that are all unskilled work ("Document [p]reparer," "[a]ddresser," and "[t]ube [o]perator"). Tr. at 24 (Decision); Tr. at 41-42 (VE testimony that jobs constitute unskilled work); see also SSR 00-4p, 2000 WL 1898704, at *3 (stating "unskilled work corresponds to a[ Specific Vocational Preparation ("SVP") level] of 1-2"); U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) (4th ed. 1991), § 249.587-018, 1991 WL 672349 (stating "Document Preparer" has an SVP level of 2); § 209.587-010, 1991 WL 671797 (stating "Addresser" has an SVP level of 2); § 239.687-014, 1991 WL 672235 (stating "Tube Operator" has an SVP level of 2).

- 13 -

(citation omitted); see Tr. at 465-66 (September 2018 emergency department note indicating Plaintiff "was actively psychotic on arrival, seeing people who were not there" but also noting that there was a "[n]oticeable alcohol odor on breath on arrival" and that Plaintiff "appeared to be under the influence of a stimulant"). The ALJ also correctly observed that an October 2018 progress note shows "only mild anxiety" and indicates that Plaintiff's "thought process was within normal limits[,] . . . logical[,] and goal directed" and that "[h]er thought content was within normal limits." Tr. at 23; see Tr. at 481 (October 2018 progress note).

Based on the foregoing, the undersigned finds that the ALJ accepted the opinions of Dr. Levasseur and Dr. Castillo regarding Plaintiff's limitations in concentration, persistence, pace; that these limitations were properly accounted for by restricting Plaintiff to simple, routine tasks and finding that Plaintiff can perform unskilled work; and that substantial evidence supports the ALJ's finding that Plaintiff can perform work as set forth in the RFC, despite her limitations in concentration, persistence, and pace.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

    2.       The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 8, 2020.

                                                              JAMES R. KLINDT
                                                             United States Magistrate Judge

bhc
Copies to:
Counsel of Record